UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SERVIO T. GOMEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | Case No:  C 15-2996 SBA <br><br> **ORDER REMANDING ACTION** |

On May 21, 2015, Plaintiffs Servio and Martha Gomez, through counsel, filed the instant wrongful foreclosure action against Wells Fargo Bank N.A. ("Wells Fargo") and Cal-Western Reconveyance Corporation ("Cal-Western") in the Contra Costa County Superior Court.  See Gomez, et al. v. Wells Fargo Bank, N.A., et al., Contra Costa Cnty. Super. Ct. No. C15-00923.  According to Plaintiffs, Cal-Western, in its capacity as the agent for Wells Fargo and as the substitute trustee under the Deed of Trust, conspired with Wells Fargo to illegally foreclose on their property in 2011.  The Complaint alleges causes of action for:  (1) wrongful foreclosure; (2) violation of California Civil Code § 2934a(a)(1)(A); (3) violation of California Business and Professions Code § 17200; (4) fraud; and (5) unjust enrichment.

On June 26, 2015, Wells Fargo removed the action to this Court on the basis of diversity of citizenship, see 28 U.S.C. § 1332, and recently filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Dkt. 1, 5.  Before considering the motion to dismiss, the Court must first assess whether it has subject matter jurisdiction over the action.  See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting that a district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Under the federal removal statute, 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter over which a federal court has original jurisdiction.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331 provides for "federal-question" jurisdiction, while § 1332 provides for "diversity of citizenship" jurisdiction.  Id.  Pertinent here is the diversity jurisdiction statute, which confers federal subject matter jurisdiction in cases where the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332.  Both the diversity and removal statutes are strictly construed and any doubts are resolved against finding jurisdiction.  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).

In its Notice of Removal, Wells Fargo acknowledges that Cal-Western is not diverse from Plaintiffs, but avers that Cal-Western is a "fraudulently-joined, nominal party" whose citizenship need not be considered for purposes of diversity jurisdiction.  Dkt. 1 at 3.  "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  "Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of

---

[1] The motion is noticed for hearing on August 12, 2015.

action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). There is a "general presumption against fraudulent joinder" and the defendant's burden of demonstrating that a joinder is fraudulent is a "heavy" one. Id. at 1046.

Wells Fargo contends that Plaintiffs cannot state any viable claims against Cal-Western, "which merely conducted the ministerial duties of a foreclosure trustee." Notice of Removal at 4, Dkt. 1. However, the pleadings in this case do not predicate Cal-Western's potential liability solely on its role a substitute trustee. To the contrary, Plaintiffs allege that Cal-Western conspired with Wells Fargo by, inter alia, knowingly issuing invalid and fraudulent foreclosure documents and illegally appointing itself as the substitute trustee under the Deed of Trust in order to effectuate the foreclosure. See, e.g., Compl. ¶¶ 30, 35, 38, 47, 48, 49, 60, 62, 70, 80, 95, 96. These and other allegations of the Complaint clearly demonstrate that Plaintiffs' claims against Cal-Western are not merely predicated on its ministerial role as a substitute trustee. E.g., Alabastro v. Wells Fargo Bank, N.A., No. 5:14-cv-03469 EJD, 2015 WL 138235, *3 (N.D. Cal. Jan. 5, 2015) (finding that while "most of the current allegations against Cal-Western focus on activity common to that of a foreclosure trustee," plaintiffs' allegations implied that "Cal-Western may have conspired with other defendants to improperly or fraudulently initiate foreclosure proceedings against [their] . . . property," which, in turn, precluded defendants' showing of fraudulent joinder).

Wells Fargo also contends that, pursuant to California Civil Code § 2924(d), Cal-Western is immune from liability for executing and recording foreclosure notices. Dkt. 1 at 5. Federal courts have questioned whether this provision protects a foreclosing trustee which allegedly was not authorized to pursue foreclosure proceedings in the first instance.

1  Knott v. Caliber Home Loans Inc., No. CV 15-4752 PA (JPRx), 2015 WL 3932668, *4
2  (C.D. Cal. June 26, 2015); e.g., Nance v. Cal-Western Reconveyance Corp., No. LA CV
3  14-07950 JAK (PLAx), 2015 WL 452747, *4 (C.D. Cal. Jan. 29, 2015) (finding allegations
4  that "that Cal-Western did not have the legal authority to initiate the foreclosure
5  proceedings because it was not the actual trustee" could support a showing of malice,
6  thereby vitiating any immunity afforded under § 2924(d)); Silva v. Wells Fargo Bank N.A.,
7  No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011) (finding
8  that it is "unclear whether these provisions [i.e., Cal. Civ. Code § 2924] would also apply
9  where, as here, the plaintiff alleges that the foreclosing trustee was not actually the trustee
10 authorized to initiate non-judicial foreclosure proceedings.").

11         Alternatively, Wells Fargo alleges that Cal-Western is a nominal party. Dkt. 1 at 3-
12 4.  When evaluating whether diversity jurisdiction is present, "a federal court must
13 disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real
14 parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).
15 Nominal parties are those "with nothing at stake . . . despite the propriety of their technical
16 joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002).
17 Here, Wells Fargo claims that Cal-Western has no financial interest in the property, and
18 was nothing more than the substitute trustee in the foreclosure process.  "However, other
19 courts have held that 'Cal-Western's status as trustee is not itself sufficient to render Cal-
20 Western a nominal party.'" Nance, 2015 WL 452747, at *3 (citing cases).  Moreover, as
21 discussed above, Plaintiffs' claims against Cal-Western are based on its alleged course of
22 collusive conduct with Wells Fargo, and not simply Cal-Western's status as a substitute
23 trustee. Alabastro, 2015 WL 138235, *3 n.1 (allegations that Cal-Western conspired with
24 other defendants to improperly or fraudulently initiate foreclosure, which included the
25 fabrication of documents, were "sufficient to preclude a finding that Cal-Western should be
26 disregarded from the jurisdictional analysis as a nominal party.").

27
28

In sum, the Court concludes that Wells Fargo has failed to carry its burden of demonstrating that Cal-Western is either a fraudulently-joined or nominal party whose citizenship may be disregarded for purposes of diversity jurisdiction.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Contra Costa.  Because removal jurisdiction is lacking, the Court does not reach the merits of Wells Fargo's pending motion to dismiss, which is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  7/27/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge